IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TRI-STATE MARITIME SERVICES, INC., | ( |
| Plaintiff, | ( |
| vs. | ( CIVIL ACTION NO.  05-0557-KD-M |
| SEA BRIDGE PROJECTS, INC., et al., | ( |
| Defendants. | ( |

## ORDER

This matter is before the Court on plaintiffs' motion for default judgment against defendant Sea Bridge Projects, Inc., ("Sea Bridge") (Doc. 23).  As grounds for the motion, plaintiffs note that defendant has failed to abide by an order of this Court.  (Id.)

On December 29, 2005 SeaBridge, through counsel, filed an answer to plaintiff's complaint.  (Doc. 7)[1]  On March 2, 2006, United States Magistrate Judge Bert Milling granted the motion to withdraw as counsel of J. W. Goodloe, Jr., on behalf of defendant Sea Bridge

---

[1] In its answer, SeaBridge admits that "on or about June 19 through June 20, 2005 Plaintiff furnished necessaries to the vessel "Antarctica" and that the amount invoiced was $177,759.75 ...but avers that it was acting as agent for Sea Bridge Marine, Inc., the charterer of the vessel. As agent, Defendant has no liability to Plaintiff."  (Doc. 7, ¶ 9 )  Defendant further admits that it failed or refused to pay Plaintiff but maintains that "it is not liable to Plaintiff for the said stevedoring services; that Sea Bridge Marine, Inc., a Louisiana corporation, is the obligor of the debt in question, as charterer of the vessel; and that this Defendant was merely acting as agent for a disclosed principal in connection with the said stevedoring services."  (Id. at ¶ 11)

Projects, Inc. (Doc. 20) In that same order the Court directed Sea Bridge to have new counsel file an appearance on its behalf on or before March 13, 2006. (Id.) [2] Defendant was cautioned that the failure to abide by the Court's order "could result in the entry of a default judgment against Defendant." (Doc. 20 at 2) To date, SeaBridge has failed to comply or otherwise respond to the Court's Order.

On March 30, 2006 plaintiff filed the instant motion for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure on the grounds, in sum, that defendant Sea Bridge failed to abide by the Court's order to obtain new counsel. [3] (Doc. 23) Specifically, plaintiff seeks a default judgment against Sea Bridge in the total (principal and interest) amount of $184,363.47, plus costs of Court. (Id.)

Rule 55 of the Federal Rules of Civil Procedure, states, in pertinent part:

(b) Judgment. Judgment by default may be entered as follows:

(2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. *If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may*

---

[2] "The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel." Palazzo v. Gulf Oil Corp.764 F.2d 1381, 1385 (11th Cir. 1985) (citing Commercial and Railroad Bank of Vicksburg v. Slocomb, 39 U.S. (14 Pet.) 60, 10 L.Ed. 354 (1840); In re K.M.A., Inc., 652 F.2d 398 (5th Cir. Unit B 1981); Southwest Exp. Co. v. I.C.C., 670 F.2d 53 (5th Cir.1982)).

[3] The motion for default judgment was mailed to SeaBridge at its last know address.

> *conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.*

Fed. R. Civ. P. 55(b)(emphasis added)

In <u>Earthlink, Inc. v. Long On America, Inc</u>., 2006 WL 783360 (slip opinion) (N.D.Ga., March 24, 2006), the court opined, in part, as follows:

> [A] 'judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation.' <u>United Artists Corp. v. Freeman</u>, 605 F.2d 854, 857 (5th Cir.1979); see also Fed.R.Civ.P. 55(b); <u>Patray v. Northwest Publ'g, Inc</u>., 931 F.Supp. 865, 869 (S.D.Ga.1996). Morever, although a party in default admits the well-pleaded allegations of the complaint against it, the claimant "cannot satisfy the certainty amount simply by requesting a specific amount. He must also establish that the amount is reasonable under the circumstances." <u>Patray,</u> 931 F.Supp. at 869. Therefore, in order to grant the instant motion for default judgment with respect to the issue of damages, this court must find that the amount of damages is liquidated or can be reduced to a sum certain.

<u>Id.</u> at *2.

Plaintiff alleges that SeaBridge failed to pay plaintiff for stevedoring services performed for a vessel docked at the Port of Mobile.  (Doc. 1, ¶ 9-11)  Plaintiff now moves the Court to enter a judgment against Sea Bridge Projects, Inc., "in the amount of Plaintiff's demand, to-wit: principal of $177,759.75; plus interest on said judgment from June 28, 2005, to February 9, 2006 (226 days) at 6% per annum ($29.22 per diem), to-wit, $6,603.72; for a total judgment of $184,363.47, plus costs of Court."  (Doc. 23)

Upon consideration, the Clerk is DIRECTED to enter default against defendant Sea Bridge Projects, Inc.  Plaintiff's motion for default judgment is **GRANTED** and default judgment is hereby entered in favor of plaintiff and against defendant SeaBridge Projects, Inc., in the total amount of $184,363.47.

DONE this the 14<u>th</u> day of April, 2006

                                        /s/ Kristi K. DuBose
                                        **KRISTI K. DuBOSE**
                                        **UNITED STATES DISTRICT JUDGE**